McGREGOR W. SCOTT
United States Attorney
ANGELA SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>MIGUEL ZUNIGA ARTEAGA,<br>ARMANDO MARTINEZ,<br>TERRY WHITED,<br>MIGUEL ANGEL SANCHEZ-MEZA,<br>JUAN VIZUETT-RESENDIZ, and<br>VINCENTE SALVADOR ARENAS-GARCIA,<br><br>                              Defendants. | CASE NO.  1:20-CR-00212 DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>CURRENT HEARING DATE: January 27, 2021<br>TIME: 1:00 p.m.<br><br>PROPOSED HEARING DATE:  April 28, 2021<br><br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on January 27, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  This, previous, and subsequent General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

1  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

2  or in writing").

3          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

4  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

5  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

6  the ends of justice served by taking such action outweigh the best interest of the public and the

7  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

8  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

9  ends of justice served by the granting of such continuance outweigh the best interests of the public and

10  the defendant in a speedy trial."  *Id.*

11          The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

12  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

13  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

14  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

15  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

16  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

17  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

18  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

19  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20          In light of the societal context created by the foregoing, this Court should consider the following

21  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

22  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

23  for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

24  pretrial continuance must be "specifically limited in time").

25                                      **STIPULATION**

26          Plaintiff United States of America, by and through its counsel of record, and defendant MIGUEL

27

28  _____
   [1] The parties note that General Order 612 acknowledges that a district judge may make
   "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
   Cal. March 18, 2020).

1   ZUNIGA ARTEAGA, by and through defendant's counsel of record, Nicholas Reyes, defendant

2   MIGUEL ANGEL SANCHEZ-MEZA, by and through defendant's counsel of record, Richard A.

3   Beshwate, and VINCENTE SALVADOR ARENAS-GARCIA, by and through defendant's counsel of

4   record, Harry M. Drandell, seek a continuance of the current status conference to April 28, 2021 and

5   hereby stipulate as follows:

6        1.     By previous order, this matter was set for status on January 27, 2021.

7        2.     By this stipulation, defendants now move to continue the status conference until April 28,

8   2021, and to exclude time between January 27, 2021, and April 28, 2021, under Local Codes T2 and T4.

9        3.     The parties agree and stipulate, and request that the Court find the following:

10           a)     The government has represented that the discovery associated with this case

11  includes over 11,000 pages of Bates stamped discovery and several months of wiretap

12  recordings.  All of this discovery has been either produced directly to counsel and/or made

13  available for inspection and copying.

14           b)     Counsel for defendants desire additional time to consult with their clients, to

15  review the current charges, to conduct investigation and research related to the charges, to review

16  and copy discovery for this matter, to discuss potential resolutions with their clients, to prepare

17  pretrial motions, and to otherwise prepare for trial.

18           c)     Counsel for defendants believe that failure to grant the above-requested

19  continuance would deny them the reasonable time necessary for effective preparation, taking into

20  account the exercise of due diligence.

21           d)     The government does not object to the continuance.

22           e)     Additionally, given the voluminous discovery and the fact that this case involved

23  a wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for

24  pretrial proceedings or for the trial itself prior to April 28, 2021.

25           f)     Based on the above-stated findings, the ends of justice served by continuing the

26  case as requested outweigh the interest of the public and the defendant in a trial within the

27  original date prescribed by the Speedy Trial Act.

28           g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of January 27, 2021 to April 28, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] and 18 U.S.C. § 3161(h)(7)(A), B(ii) [Local Code T2], because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  January 18, 2021                              McGREGOR W. SCOTT
                                                     United States Attorney


                                                      /s/ ANGELA SCOTT
                                                     ANGELA SCOTT
                                                     Assistant United States Attorney


Dated:  January 18, 2021                              /s/ per email authorization
                                                     NICHOLAS REYES
                                                     Counsel for Defendant
                                                     MIGUEL ZUNIGA ARTEAGA

Dated: January 18, 2021
                                                      /s/ per email authorization
                                                     RICHARD A. BESHWATE
                                                     Counsel for Defendant
                                                     MIGUEL ANGEL SANCHEZ-
                                                     MEZA

1    Dated: January 18, 2021                       /s/ per email authorization
2                                                   HARRY DRANDELL
                                                    Counsel for Defendant
3                                                   VINCENTE SALVADOR
                                                    ARENAS-GARCIA
4

5                                       **ORDER**

6           IT IS SO ORDERED that the status conference is continued from January 27, 2021, to **April 28,**

7    **2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18

8    U.S.C.§ 3161(h)(7)(A), B(iv) and 18 U.S.C. § 3161(h)(7)(A), B(ii).

9

10   IT IS SO ORDERED.

11      Dated:   **January 19, 2021**            /s/ *Barbara A. McAuliffe*

12                                               UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28